CHARLES & HELLER v. GROSSMAYER.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

APPEAL AND ERROR (§ 999*)—QUESTIONS OF FACT—CONCLUSIVENESS OF VERDICT.

　　Where the question was purely one of fact, was tried without any exception by defendant, and was submitted under instructions adequate for the protection of his rights, a verdict for plaintiff should be conclusive.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–3921, 3923, 3924; Dec. Dig. § 999.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Charles & Heller against Fannie Grossmayer. From an order of the Municipal Court of the City of New York, setting aside a verdict rendered by a jury in favor of the plaintiffs, plaintiffs appeal. Reversed, and judgment in favor of plaintiffs reinstated.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

Samuel D. Matthews, of New York City, for appellants.
Adolph B. Rosenfield, of New York City, for respondent.

DELANY, J. This is an appeal by the plaintiffs from an order setting aside a verdict as contrary to law, contrary to the evidence, and against the weight of evidence.

The action was brought to recover the sum of $150, the value of a suit manufactured by the plaintiffs at the request of the defendant and delivered to her. She returned the suit and refused to pay for it, claiming that it was in many respects inferior in the quality of material, and not made in the style ordered, and not a proper fit. The action was tried by the court with a jury. There is not an exception in the entire case by defendant. The question was purely one of fact, and was submitted to the jury under instructions adequate for the protection of the defendant's rights. Their finding should be conclusive.

The order setting aside the verdict is reversed, with costs, and the verdict and judgment in favor of the plaintiffs reinstated, with costs to the plaintiffs. All concur.